THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ARENA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 22, 1979, convicting him of four counts of grand larceny in the second degree, upon a jury verdict, and sentencing him to concurrent terms of imprisonment, all with a maximum of three years, in addition to fines totaling $28,000. Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentence of imprisonment and substituting therefor provisions sentencing defendant on all counts, in addition to the fines, to concurrent terms of 60 days' imprisonment and 4 years and 10 months' probation. As so modified, judgment affirmed, and case remitted to the Supreme Court, Kings County, to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO BULTRON, Also Known as KNOWLEDGE BORN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 13, 1977, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was charged with the crime of murder in the second degree (felony murder). Although defendant testified at trial that he was guilty of the crime charged, his pretrial confession, which was introduced into evidence, potentially set forth the affirmative defense to felony murder contained in subdivision 3 of section 125.25 of the Penal Law. A factual question was presented for the jury's determination. Under these circumstances, the erroneous charge to the jury that the application of the affirmative defense was discretionary constituted reversible error (see *People v Santanella,* 63 AD2d 744; *People v Vinniane,* 70 AD2d 956). We have considered defendant's other contentions and find them to be without merit. O'Connor, J. P., Mangano, Rabin and Gibbons, JJ., concur.